**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**SARA BENSON and
BRANDON BENSON**                                                                  **PLAINTIFFS**

**v.**                                                                  **Civil Action No. 1:26-cv-86-RPC-RP**

**STEVE B. CURRY,
SAVANNAH LOGISTICS GROUP, LLC
And JOHN DOEs I-V**                                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This personal injury case arises from a motor vehicle accident that occurred on October 17, 2025, in Monroe County, Mississippi, involving Plaintiff Sara Benson and Defendant Steve Curry. Plaintiffs Sara Benson and her husband, Brandon Benson, assert negligence claims against Defendant Steve Curry; a *respondeat superior* claim and direct negligence claim against his employer, Savannah Logistics Group, LLC ("SGL"); and a loss-of-consortium claim against both Defendants.

SGL has moved for Partial Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that Plaintiffs have failed to state a viable direct negligence claim because (1) Mississippi law bars such claims once an employer admits vicarious liability for its employee's negligence and (2) the Complaint otherwise fails to plead sufficient facts to support those claims. *See* [Doc. 7]. For the reasons stated herein, SGL's Motion for Partial Judgment on the Pleadings is **GRANTED**, and the negligence claim against it is hereby **DISMISSED WITH PREJUDICE**.

*FACTS*

Plaintiffs originally filed their Complaint in the Circuit Court of Monroe County, Mississippi, on April 14, 2026. [Doc. 2]. Defendants removed the suit to this Court on May 22,

1

2026, based on the parties being completely diverse pursuant to 28 U.S.C. § 1332. [Doc. 1].[1] The Complaint alleges that on October 17, 2025, Sara Benson was operating her motor vehicle on Highway 45 in Monroe County, Mississippi, when Defendant Curry pulled in front of her and collided with her vehicle. [Doc. 2, ¶¶ 9-13]. SGL employs Defendant Curry as a driver and owns the semi-truck involved in the accident. *Id.* at 11. Relevant to the instant motion, Plaintiffs allege that Defendant Curry acted negligently during the accident. *Id*. at ¶¶ 16-18. They also bring a direct corporate negligence claim against SGL under theories of failure to hire, train, supervise, and retain qualified commercial drivers, and a *respondeat superior* claim against SGL for Defendant Curry's alleged negligence while acting in the course and scope of his employment. *Id*. at ¶¶ 19-23. Plaintiffs seek compensatory damages, including economic and noneconomic damages. *Id.* at ¶¶ 24-25.

Before moving for partial judgment on the pleadings, both Defendants filed answers to the Complaint on May 27, 2026. *See* [Doc. 5]; [Doc. 6]. Defendant Curry admitted that he was acting within the course and scope of his employment at the time of the accident. [Doc. 6 at ¶ 21]. SGL also admitted that Curry was acting within the course and scope of his employment at the time of the accident and that it "would be vicariously liable for such simple negligence, if any." [Doc. 5 at ¶ 21]. SGL argues that because it has admitted it would be vicariously liable for any negligence committed by Curry in causing the accident, if any, Plaintiffs cannot maintain their direct corporate negligence claim. [Doc. 7 at ¶ 3]. SGL also argues that the claim is conclusory and fails to allege sufficient factual matter to state a claim upon which relief can be granted. *Id.*

### *STANDARD OF REVIEW*

---

[1] Plaintiffs are residents of Mississippi and both Defendants are residents of Georgia. *See* [Doc. 2 at 2]. It is also facially apparent from the Complaint that Plaintiffs' damages exceed the amount in controversy requirement. *Id.*, at 2-5. Plaintiffs do not contest this Court's jurisdiction.

2

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the pleadings have been closed. Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking at the substance of the pleadings[.]" ***Sargent v. Tate Cnty***, No. 3:24-cv-305-GHD-JMV, 2026 U.S. Dist. LEXIS 116928, at \*3 (N.D. Miss. May 26, 2026) (citation omitted). Courts apply the same standard to motions brought under 12(c) and Rule 12(b)(6). *See **Sterling v. City of Jackson***, 159 F.4th 361, 371-72 (5th Cir. 2025). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" ***Ashcroft v. Iqbal***, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A court may dismiss a claim if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

### *ANALYSIS*

Federal courts in Mississippi have long held that plaintiffs cannot maintain independent simple negligence claims against an employer, including claims for negligent hiring, firing, training, and supervision, when the employer admits it is vicariously liable for its employee's actions in connection with an accident. ***Robinson v. Colucci***, No. 3:16-cv-687-TSL-RHW, 2017 U.S. Dist. LEXIS 230450, at \*6 (S.D. Miss. Oct. 30, 2016).[2] The reason underlying these cases is

---

[2] *See also **Roberts v. Ecuanic Express, Inc.***, 2012 U.S. Dist. LEXIS 103371, at \*3 (S.D. Miss. July 25, 2012); ***Welch v. Loftus***, 776 F. Supp. 2d 222, 225 (S.D. Miss. 2011); ***Cole v. Alton***, 567 F. Supp. 1084, 1085-86 (N.D. Miss. 1983); ***Lee v. Harold David Story, Inc.***, 2011 U.S. Dist. LEXIS 81651, at \*6-7 (S.D. Miss. July 25, 2011); ***Curd v. W. Express, Inc.***, 2010 U.S. Dist. LEXIS 116795, at \*4-5 (S.D. Miss. Nov. 2, 2010); ***Booker v. Hadley***, 2009 U.S. Dist. LEXIS 63498, at \*5-6 (S.D. Miss. July 23, 2009); ***Dinger v. Am. Zurich Ins. Co.***, 2014 U.S. Dist. LEXIS 18378 (N.D. Miss. Feb. 13, 2014); ***Moysey v. BMR Trans., LLC***, 2023 U.S. Dist. LEXIS 41488, at \*4-5 (S.D. Miss. Mar. 13, 2023); ***Deliefde v. Nixon***, 2021 U.S. Dist. LEXIS 172982, at \*15-20 (S.D. Miss. Sept. 13, 2021); ***H.R. v. Double J Logistics, LLC***, 2017 U.S. Dist. LEXIS 218033, at \*6-7 (S.D. Miss. Apr. 11, 2017); ***Brumfield v. Biriho***, 2022 U.S. Dist. LEXIS 10304, at \*3-4 (S.D. Miss. Nov. 21, 2022); ***Crechale v. Carroll Fulmer Logistics Corp.***, 2020 U.S. Dist. LEXIS 152091, at \*8-10 (S.D. Miss. Aug. 21, 2020); ***Estate of Brown v. Morrison***, 2019 U.S. Dist. LEXIS 132160, at \*5-7 (S.D. Miss. Aug. 7, 2019); ***McCon v. Perez***, 2018 U.S. Dist. LEXIS 207348, at \*5 (S.D. Miss. July 24, 2018);

that once an employer has admitted that it is liable for an employee's actions, evidence that pertains only to issues of negligent hiring, training, supervision, or the like, becomes superfluous, redundant, and potentially unfairly prejudicial to inflame in the fact finder. *Roberts*, 2012 U.S. Dist. LEXIS 103371, at *4; *Lee*, 2011 U.S. Dist. LEXIS 81651, at *4; *Dinger*, 2014 U.S. Dist. LEXIS 18378, at *5; *Welch*, 776 F. Supp. 2d at 225.

In response to this authority, Plaintiffs argue that courts allow gross negligence claims and claims for punitive damages to proceed against the employers irrespective of whether the employers admit to being vicariously liable and/or that the employee was acting within the course and scope of employment. [Doc. 14 at 6-7]. The Court agrees that claims for gross negligence and punitive damages may survive in such scenarios. *See Roberts*, 2012 U.S. Dist. LEXIS 103371, at *4-7; *Lee*, 2011 U.S. Dist. LEXIS 81651, at *8-9. However, those authorities are inapplicable because Plaintiffs have not asserted either a claim of gross negligence or a demand for punitive damages. *See* [Doc. 2]. The Complaint only brings claims for simple negligence, which cannot support a request for punitive damages. *Williams v. Duckett*, 991 So. 2d 1165, 1177 (Miss. 2008) (citations omitted). Plaintiffs are the masters of their complaints, and the Court cannot address claims for gross negligence or punitive damages if those claims have not been pled.

Plaintiffs also contend that SGL's motion is premature because they have not had the opportunity to conduct discovery. [Doc. 13 at 2]. This argument is unpersuasive. The issue before the Court is not whether Plaintiffs can uncover additional evidence through discovery, but whether the Complaint states a viable direct negligence claim under Mississippi law. Because SGL has admitted vicarious liability, additional discovery concerning negligent hiring, training, and supervision would not revive claims that fail as a matter of law.

---

*Pennington v. UPS Ground Freight, Inc.*, 2018 U.S. Dist. LEXIS 23073, at *3-4 (N.D. Miss. Feb. 12, 2018); *Coleman v. Swift Transp. Co. of Ariz., LLC*, 2014 U.S. Dist. LEXIS 96538, at *14-16 (N.D. Miss. July 16, 2014).

The Court recognizes, however, that this case was removed from the Circuit Court of Monroe County, Mississippi. *See* [Doc. 1]. Because Mississippi state courts apply a more lenient pleading standard than what is required under the federal rules, removal often presents a "natural time" for a plaintiff to amend the complaint to satisfy the federal pleading standards. ***Thomas v. Bolivar Cnty.***, 2026 U.S. Dist. LEXIS 102369, at *12 (N.D. Miss. May 8, 2026) (citation omitted). However, amendment is not warranted in this case for three reasons.

First, the deficiency is not one of pleading sufficient facts. Rather, Plaintiffs' direct negligence claims against SGL fail as a matter of Mississippi law because SGL has admitted that it is vicariously liable for any simple negligence committed by Defendant Curry while acting within the course and scope of his employment. Accordingly, no additional factual allegations could cure this defect. Second, Plaintiffs' direct negligence theories against SGL for failure to hire, train, supervise, and the like, would likewise have failed in state court. *See **Carothers v. City of Water Valley**,* 242 So. 3d 138, 144 (Miss. Ct. App. 2017) (holding that, under Mississippi law, any direct liability claims against an employer fail when the employer concedes it would be vicarious liable for any employee's negligence). Third, as stated above Plaintiffs did not plead gross negligence or seek punitive damages in their state court complaint. Lastly, after removal, Plaintiffs never sought leave to amend the complaint under Federal Rule of Civil Procedure 15 to assert a gross negligence claim, punitive damages, or any other theory that would possibly avoid dismissal of the claims despite having the opportunity to do so. Under these circumstances, amendment would be futile because dismissal rests on both a substantive legal bar and Plaintiffs' decision not to assert claims for gross negligence or punitive damages. Dismissal with prejudice is therefore appropriate.

Accordingly, Defendant Savannah Logistics Group, LLC's [7] Motion for Partial Judgment on the Pleadings is **GRANTED**, and the direct negligence claim against it is **DISMISSED WITH PREJUDICE**.

THIS, the 10th day of August 2026.

UNITED STATES DISTRICT JUDGE